110-2679 Linda Bartolomeo v. Cook County Sheriff's Department Good afternoon, the Honors Council. My name is John Powers. I represent the Plaintiff, Apollon Linda Bartolomeo. In this matter, we believe, as a matter of law, the Commission's decision as to whether she was in the course of her employment going to use the restroom was simply wrong. We believe that she was in the course of her employment. And unless there's any questions from the panel, I'd like to focus on why we're really here, which is a rising out of issue. In this case, it's not really disputed that she sustained it in the course. Well, the Commission's decision says she failed to prove a rising out of and in the course of her employment. Yeah, you want me to find your arguments for rising out of? Yes. Fortunately, Ms. Bartolomeo did not utter the fatal phrase, I don't know, when asked what happened or how she fell. She didn't say I misstepped. She didn't say my leg gave out. She said her foot stuck on the step. Now, the Commission takes exception with her report, which initially states her foot stuck on the tape on top of the step, versus her testimony, which was she assumed her foot stuck on a piece of candy or gum, because there's always women bringing kids into the courthouse and there's always debris on the steps. Either way, it's consistent because her foot stuck on the step just as she fell. I mean, there's no inconsistency there. Maybe in the details as to what exactly it stuck on, but not in the fact that it stuck. The Commission also points to the ambulance report, simply saying that she twisted her ankle going down the stairs. That's still consistent. Once her foot stuck, she twisted her ankle, she lost her balance. That's not inconsistent with her testimony or any of the reports. But what about the argument if somebody argues that this is a neutral risk? I mean, she's going down the stairs, the general public's going down, she's exposed to no greater risk than the general public. How do you respond to that argument? Well, first of all, just because the courthouse is open to the general public, that doesn't exclude the county from liability here. That's what the appellate court said in the Chicago Tribune case. But we're talking about something besides really falling down the stairs. Right. She wasn't simply going down the stairs and missed a step here. She tripped over either the strip on the step or something that was sticky on that strip, which caused her to lose her footing, twist her ankle, and start going down. So she fell as a result of the condition of the premises. She doesn't have to show that there was a defect here. She doesn't have to show that it was ultra-hazardous. This is an negligence case. She fell as a result of the condition of the premises. And I don't think that there's any dispute here from any of the parties. In fact, the county put into evidence a report from another deputy sheriff who was going up the stairs where she said, yeah, he saw her coming down. And as the sole of her foot came down on the non-skid tape, the non-skid tape did its job of preventing her foot from skidding, and she twisted her ankle and came down. So obviously we would argue that in this case her accident did arise out of her employment because it's the condition of the premises which led to her fall. And as for the commission's finding that she was not credible, once again I'd point to all the evidence in the record. There's no evidence that contradicts her testimony. Even her own report, the commission relies upon saying it contradicted her testimony. It doesn't contradict her testimony. She said she fell as a result of her foot sticking on the stair, and she did. And that's what her report states. Her report states foot stuck on the non-skid tape and came down. Now, there may have been something sticky on that tape. We don't know. Or the tape did its job in preventing her foot from skidding. As for the radio, the petitioner testified she was getting a radio. So let's say you knock out her testimony, you knock out the report from the witness saying he saw her trip over the stair. If this could be called an unexplained fall, it would still be compensable because she was carrying a radio. Now, the commission said that, too, was not credible because there's nothing in the reports about her carrying a radio. There's nothing in the reports that contradict her carrying a radio, and there's nothing in the record that would suggest that it's simply unbelievable that a deputy sheriff guarding a door doing security would carry a walkie-talkie radio with her to the bathroom in case security needed her to return immediately. And there's no evidence to the contrary for that. So, once again, we would argue that the commission's decision here is against the manifest way of the evidence and that the officer's injury did arise out of her employment. Thank you. Good afternoon, Justices. Counsel. May it please the Court. My name is Assistant State's Attorney James Michael Bailey, and I'm representing Cook County Sheriff's Department in this matter. This is a very, I believe this is a very simple case, and it comes down to credibility. And the central issue of the case, of course, is did the claimant's injuries arise out of her employment? That means standard of review is simple. It was the commission's decision against the manifest way of the evidence. The commission did a very thorough job of examining the record and the testimony, or I should say the testimony and the evidence contained within the record. And he did a very thorough job of examining exactly what was said versus what the material evidence was. I can never explain in my 30 years of practicing law why people change their stories during a trial. In this case, it happened a number of times. And the commission caught that. They caught the fact that there was no mention of a radio until it came time for trial. There was no mention of any candy until it came time for trial. And one of the more interesting testimonial issues was the fact that she stated that she was able, in a hospital emergency room, to take narco out of her purse, which she already admitted was several, several, several months old, in front of a nurse, and the nurse said nothing about it. So she self-medicated with medicine coming out of her purse in a hospital emergency room. Taken together, all of that went toward her credibility. Counsel, I hate to throw a twist into your simple presentation, but didn't the commission find that her fall on the stairs was a result of a neutral risk to which the general public was also exposed? Absolutely it did. Did the commission ever identify the risk to which it was referring? I don't think anybody could. And here's the reason I say that. There was a witness to the accident who was a couple feet away from her on the bottom of the stairs looking up who said in his testimony, or in his witness report, that he believed that she might have caught the heel of her foot on the no-skid strip. Now, and she files a report subsequent to coming back from the emergency room where she says she caught her foot on a dangling piece of tape, on a piece of tape that was not affixed to the stairs. Of course, there was also the supervisor's report that said that there was absolutely nothing wrong with the stairs. There was no tape that was not affixed to the stairs. There was no candy. There was no sticky spots. So the reason I answer I don't think anyone knows is because there are so many different versions of the story that could be assumed the reason she fell. I can't tell you with any certainty what she did fall on. Because if she fell on the no, if she caught her foot on the no-skid strip, I mean, the interesting part of that is, are you using it now as a sword or a shield? If there's no no-skid strip, you say the stairs are inherently dangerous because they're slippery. They're marble. Or do you say they're inherently dangerous now because there's a no-skid strip and I could catch my foot there and it'll catch my foot. Counsel, if the commission makes a finding that the fall was a result of a neutral risk, is there a problem if the commission doesn't specify what the neutral risk is? I mean, what are we supposed to be reviewing? That's a very good question. But the simple fact of the matter is there are a number of hangers you could hang your hand on in this case. You could either say, okay, you believe her and there was candy or some kind of sticky substance. You could believe the witness who said there was a piece of tape that was not affixed. Or you could believe her supervisor who went back the stairs and said there was something wrong. To assign one of those as the main culprit of her fall I think would be disingenuous. I don't think it would be fair to either side because quite simply all we know is she stumbled, she fell, and she was hurt on stairs that everyone used in the courthouse. And she was not running to assist somebody in a security situation or anything like that. She was taking time off from her duties at the door and she went downstairs to use the bathroom. And she used the stairwell that everyone used. In fact, apparently women, children, there was no question that that was a general use stairwell. And she slipped and fell. On what? I don't know. And I need to be honest. This is the appellate court. I'm not going to lie to you and say I know exactly what it is. I didn't. And the fact that she now, like I said, during her testimony all of a sudden she's carrying a radio. It occurs to me that the commission could have done a couple of things. They could have decided the case and said she failed to prove that her injury arose out of her employment. They didn't say that. They said that she failed to prove an increased risk due to her employment. They could have said she fell, her fall was, the cause of her fall is unknown. And there are those of us who believe that that's not compensable, an unknown fall, an unknown cause. Yes, I realize there are some that believe it is. But they didn't say that. They said that she fell as a result of a neutral cause. They say it was as a result of a neutral cause. In order to review this, we have to find out what they meant by neutral cause. What do they call a neutral cause? Unexplained fall is not a neutral cause. A neutral cause is I tripped on my own feet, you know. Sure. Whatever it is. But if they say it's a neutral risk, don't they have to tell us what the risk is for us to review it? I believe the problem is what I stated, is that there are three versions of what she could have tripped and fell on. Well, then they should have decided that based on she didn't prove it arose out. Well, I believe that that's almost what they did at the end. Because they basically, they consolidate the whole opinion into one thing, and that is we don't believe her. We don't believe her. And if they don't believe her, then credibility is the real issue here. And if credibility is the real issue here, then the findings are not against the manifest way of the evidence. There's certainly more than enough information contained within the record to affirm the commission's decision. And that's what I think it really boils down to is credibility and whether or not they found her credible. Thank you very much. Governor, please. Well, as I pointed out in my brief and the panel had raised, you know, it's hard to argue what exactly was the neutral risk here. The only thing I could assume was they were saying that the neutral risk was the non-skid tape or something on the stairs. They didn't specify it, though, did they? Exactly. So, you know, it makes it difficult for me to argue to this panel what the neutral risk was and whether it is or is not compensable. And obviously it makes this panel's job that much more complicated because how do you decide something that was never decided to begin with? How do you judge whether it is or is not against the manifest way of the evidence? As far as counsel mentioning that the claimant said that she tripped over a frayed piece of tape or a loose piece of tape, the only person that said anything about loose piece of tape was the supervisor who went and inspected the stairs after the accident. The claimant's report states foot stuck on non-skid strip. It doesn't say anything about tripping over loose tape or anything like that. Likewise, Officer Kaplan, who was at the bottom of the stairs, doesn't say anything about his foot or her foot getting stuck on a loose piece of tape. He said the sole of her foot got stuck on the non-skid strip and twisted. Once again, I would argue that whether it's candy, gum, or the strip, it's all consistent with the foot getting stuck. You know, something would be sticky there on that tape or that strip, causing your foot to stick, i.e. sticky. As far as the medication counsel raised in his argument, once again, there's no evidence here that this was an idiopathic fault. There's no indication in medical records of her having a history of simply falling or anything like that. In fact, I believe Officer Kaplan's written report contradicts that line of argument that he saw her trip over the tape. Thank you. The court will take the matter under advisement for disposition to take a short break.